Robert K Lu (Cal. Bar. No. 198607)
robert.lu@weilawpllc.com
**WEI LAW PLLC**
112 West 34th Street
Floor 17 Suite #17048
New York NY 10120
Tel.: 212-946-4997

*Attorneys for Plaintiffs Meihong XIE, Zhaoqun LIU, Xiaoqin SHEN, Si ZHANG, Naiyue SHEN, Naizhen ZHANG, Chao JIANG, Xinyun Wan, Xinrui JIANG, Junlin LU, Xiang WANG and Tingxi LU*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **MEIHONG XIE, ZHAOQUN LIU, XIAOQIN SHEN, SI ZHANG, NAIYUE SHEN, NAIZHEN ZHANG, CHAO JIANG, XINYUN WAN, XINRUI JIANG, JUNLIN LU, XIANG WANG, and TINGXI LU**<br><br>Plaintiffs,<br><br>v.<br><br>**US CITIZENSHIP AND IMMIGRATION SERVICES**; **UR M. JADDOU**, Director, USCIS; **CONNIE NOLAN**, Acting Associate Director, Service Center Operations Directorate, USCIS; **TRACY TARANGO** , Director of California Service Center, USCIS.<br><br>Defendants. | Case No.   2:23-cv-3041<br><br>**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>[*Declarations of Plaintiffs concurrently filed and attached hereto*] |

**PETITION FOR WRIT OF MANDAMU AND COMPLAINT FOR INJUNCTIVE RELIEF**

## **INTRODUCTION**

This is an action brought by Plaintiffs' Attorneys for Plaintiffs Meihong XIE, Zhaoqun LIU, Xiaoqin SHEN, Si ZHANG, Naiyue SHEN, Naizhen ZHANG, Chao JIANG, Xinyun WAN, Xinrui JIANG, Junlin LU, Xiang WANG, Tingxi LU, pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, et. seq., challenging an unlawful delay of agency action by the United States Citizenship and Immigration Services (USCIS) and seeking an order from this Court to demand Defendant USCIS comply with the law and provide a timely adjudication on Plaintiffs' I-829 Petition by Investor to Remove Conditions on Permanent Resident Status. Lawful Permanent Resident Status provides unalienable freedom in the United States, such as living and travel benefits, employment opportunities, access to healthcare, social security, and education assistance. Defendants have failed to adjudicate their petitions after many years. Defendants have been unable to deliver important notice to Plaintiffs. The Plaintiffs have suffered harm due to the unreasonable delay and Defendant's dereliction of duty and now seek an order from the Court compelling USCIS to adjudicate their petitions.

## **JURISDICTION**

1.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and the Mandamus Act, 28 U.S.C. § 1361.

## **VENUE**

2.       Venue properly lies within the Southern District of California pursuant to 28

U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a Defendant in action resides. All Plaintiffs filed their I-829 petitions at the Defendant Service Center (filing/mailing address: 24000 Avila Road, 2nd Floor, Laguna Niguel, CA 92677), which is located within the jurisdiction of this Court.

## EXHAUSTION OF REMEDIES

3.      Plaintiffs have exhausted their administrative remedies. Plaintiffs have made inquiries with Defendants concerning the status of their petitions, emailed the IPO office, called the USCIS, contacted the USCIS Ombudsman office, and sought help from local government representatives, all to no avail. No other adequate administrative remedy is available to the Plaintiffs.

## PARTIES

4.      All Plaintiffs filed their I-829 petitions at the Defendant Service Center (filing/mailing address: 24000 Avila Road, 2nd Floor, Laguna Niguel, CA 92677), located within the jurisdiction of this Court.

5.      Plaintiff Meihong XIE, A number 066060000, lives with her family at 777 University Ave, Unit 1119, Madison, Wisconsin, 53715. She is the petitioner of a USCIS Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status, filed with USCIS on January 27, 2020. The California Service Center case receipt number is WAC2090057551.

6.     Plaintiff Zhaoqun LIU, A number 066060002, is the derivative beneficiary of her mother, Plaintiff Meihong XIE's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2009850055.

7.     Plaintiff Xiaoqin SHEN, A number 066134149, lives with her family at 4420 Casa Grande Lane, McKinney, Texas,75070. She is the petitioner of a USCIS Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status, filed with USCIS on February 24, 2020. The California Service Center Form I-829 case receipt number is WAC2090072473.

8.     Plaintiff Si ZHANG, A number 066134152, is one of the derivative beneficiaries of his wife, Plaintiff Xiaoqin SHEN's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2012550019.

9.     Plaintiff Naiyue SHEN, A number 066134151, is one of the derivative beneficiaries of her mother, Plaintiff Xiaoqin SHEN's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2012550017.

10.     Plaintiff Naizhen ZHANG, A number 066134150, is one of the derivative beneficiaries of her mother, Plaintiff Xiaoqin SHEN's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2012550018.

11.     Plaintiff Chao JIANG, A number 065840993, lives with his family at 1201 S Prairie Ave, Apt 3306, Chicago, IL, 60605. He is the petitioner of a USCIS Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status, filed with

USCIS on July 22, 2019. The California Service Center case receipt number is WAC1990308599.

12. Plaintiff Xinyun WAN, A number 065840994, is one of the derivative beneficiaries of her husband, Plaintiff Chao JIANG's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC1925550047.

13. Plaintiff Xinrui JIANG, A number 215811076, is one of the derivative beneficiaries of her father, Plaintiff Chao JIANG's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC1925550046.

14. Plaintiff Junlin LU, A number 208254561, lives with his family at 154 Keeper, Irvine CA 92618. He is the petitioner of a USCIS Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status, filed with USCIS on December 04, 2019. The California Service Center Form I-829 case receipt number is WAC2090035813.

15. Plaintiff Xiang WANG, A number 214835056, is one of the derivative beneficiaries of her husband, Plaintiff Junlin LU's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2005750037.

16. Plaintiff Tingxi LU, A number 214148881, is one of the derivative beneficiaries of his father, Plaintiff Junlin LU's Form I-829; The California Service Center Form I-829 receipt number for the beneficiary is WAC2005750036.

17.     Defendant United States Citizenship and Immigration Services ("USCIS") is the Department of Homeland Security agency responsible for adjudicating the I-829s, Petition by Investor to Remove Conditions on Permanent Resident Status and delivering notices properly to the applicants.

18.     Defendants Ur M. Jaddou and Connie Nolan are sued in their official capacities as Director of USCIS, and Acting Associate Director, USCIS Service Center Operations Directorate, USCIS, respectively. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits at Service Centers, where Plaintiff's I-829 Petitions remain pending.

## STATUTORY AND REGULATORY BACKGROUND

19.     In 1990, Congress amended the Immigration and Nationality Act of 1965, allocating, inter alia, 10,000 immigrant visas per year to foreign nationals seeking Lawful Permanent Resident ("LPR") status based on their capital investments in the United States. See generally the Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978 (1990) (codified at 8 U.S.C. § 1153(b)(5)). Pursuant to the so-called "Immigrant Investor Program," foreign nationals may be eligible for an employment-based, fifth preference ("EB-5") immigrant visa if they have invested or are actively in the process of investing $1 million (or $500,000 in a high unemployment or rural area) in a qualifying New Commercial Enterprise ("NCE"), and that investment results in the creation of at least

ten jobs for U.S. Workers. See 8 U.S.C. § 1153(b)(5)(A) -(D); see also 8 C.F.R § 204.6(a)-(j). The EB-5 regulations further provide that, to be an "investment" in the EB-5 Program, foreign nationals must actually place their capital "at risk" for the generation and that the mere intent to invest is insufficient. See 8 C.F.R. § 204.6(j)(2). The purpose of this Program was to promote foreign direct investment and job creation within the U.S.

20.     Congress created the Immigrant Investor Pilot Program ("Pilot Program") in 1993 through the enactment of various provisions of section 610 of the Departments of Commerce, Justice, State, the Judiciary, and Related Agencies Appropriation Act. See Pub. L. No. 102-395, § 601, 106 Stat. 1828, 1874 (1992). The Pilot Program allows foreign investors who invest in NCEs affiliated with USCIS (formerly INS) designated regional centers to meet the ten jobs per investor by counting indirect jobs- i.e., jobs created outside the NCE. Further, in addition to not being restricted to only counting employees of the NCE, investors under the Pilot Program are allowed to use any valid statistical forecasting model to demonstrate job creation. See § 601(a)-(c) of Pub. L. No. 102-395; see also 8 C.F.R. § 204.6(e), (j)(4)(iii), (m)(7)(ii). The intent Again, these reforms aimed to size and promote foreign investment and job creation within, the U.S.

21.     Regional center investment projects typically use an economic model, such as the RIMS II Input/Output model, a U.S. government-created model, for predicting the job creation resulting from EB-5 investment into a given project. Input/Output models are based on multipliers derived from vast government data. For every input unit, the multiplier

is applied to derive a number of output units. For instance, the most common in the EB-5 program is the use of construction expenditures as an input. For every $X number of jobs created for millions of construction expenditures, X number plier varies by region, but typically there are 10-12 jobs per $1 million of construction expenditures). The ability to count indirect jobs and use an economic model allows EB-5 funds to be used for types of development projects that would not ordinarily qualify under the non-regional center program due to its requirement of counting only employees of the NCE. Another result of the Pilot Program is that regional centers can aggregate investments from a large number of EB-5 investors in order to finance larger-scale projects.

22. To become an LPR through both the standard and regional center-model program, a foreign national must initially file with USCIS a Form I-526, Immigrant Petition by Alien Entrepreneur, which, if approved, makes the foreign national eligible to receive an employment-based, fifth preference immigrant visa, generally see 8 U.S.C. § 1153(b)(5). Upon approval of the I-526 Petition, the foreign national must file a Form I-485, Application to Adjust Status (if located in the United States), or a Form DS-260, Application for Immigrant Visa and Alien Registration (if they are located outside the United States). See generally 8 U.S.C. § 1201 (provisions relating to the issuance of entry documents); 8 U.S.C. § 1255 (relating to adjustment of status). Upon the adjustment of status or admission on an EB-5 immigrant visa, the foreign national is granted two years of conditional permanent resident status, provided that the foreign national is not otherwise

ineligible for admission into the United States. See generally 8 U.S.C. § 1182 (provisions relating to excludable aliens). Finally, at the conclusion of the two-year conditional period, the foreign national must file Form I-829, Petition to Remove the Conditions on their LPR status. If the foreign national has fulfilled the EB-5 requirements- i.e., has invested, maintained the investment at risk, and the investment has resulted in creating at least ten jobs for U.S. workers- then the conditions will be removed, and the foreign national will be an unconditional LPR. See generally 8 U.S.C. § 1186b (provisions relating to conditional permanent resident status for certain alien entrepreneurs, spouses, and children). The Plaintiffs have met the requirements for having their I-829 petitions approved. They invested the requisite capital and continuously maintained their investment. Their investment created or can be expected to create ten full-time jobs for qualifying employees within a reasonable time. 8 CFR § 216.6(a)(1).

## **FACTS**

23.     Plaintiff Meihong XIE, a native of China. She is a resident of Madison, Wisconsin. Plaintiff filed a Form I-829 petition on January 27, 2020; the I-829 receipt number is WAC2090057551. The Form I-829 Petition remained  pending for over 39 months. Plaintiff has been significantly damaged by the Defendants' failures to act by their duties under the law and adjudicate their applications.

> a.  Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

24.     Plaintiff Zhaoqun LIU, Plaintiff Meihong XIE's son. He is a resident of Madison, Wisconsin. The same Form I-829 petition was filed on January 27, 2020, and the I-829 receipt number for the beneficiary is WAC2009850055. The Form I-829 Petition remained pending for over 39 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds

remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    a. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

    b. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

    c. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

25.    Plaintiff Xiaoqin SHEN, a native of China. She is a resident of McKinney, Texas. Plaintiff filed a Form I-829 petition on February 24, 2020; the I-829 receipt number is WAC2090072473. The Form I-829 Petition remained pending for over 38 months. Plaintiff has been greatly damaged the Defendants' failures to act in accordance with their

duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

    c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

    d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

26.     Plaintiff Si ZHANG, Plaintiff Xiaoqin SHEN's husband. He is a resident of

McKinney, Texas. Plaintiff Si ZHANG is one of the derivative beneficiaries of the same Form I-829 petition that was filed on February 24, 2020. The case receipt number for the beneficiary is WAC2012550019. The Form I-829 Petition remained pending for over 38 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

   c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

   d. Plaintiff has been damaged in that Plaintiff's ability to seek

naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

27. Plaintiff Naizhen ZHANG, Plaintiff Xiaoqin SHEN's daughter. She is a resident of McKinney, Texas. Plaintiff Naizhen ZHANG is one of the derivative beneficiaries of the same Form I-829 petition that was filed on February 24, 2020. The case receipt number for the beneficiary is WAC2012550018. The Form I-829 Petition remained pending for over 38 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

   c. Plaintiff has been damaged in that Plaintiff must now

repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

    d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

28. Plaintiff Naiyue SHEN, Plaintiff Xiaoqin SHEN's daughter. She is a resident of McKinney, Texas. Plaintiff Naiyue SHEN is one of the derivative beneficiaries of the same Form I-829 petition that was filed on February 24, 2020. The case receipt number for the beneficiary is WAC2012550017. The Form I-829 Petition remained pending for over 38 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives

Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

c.  Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d.  Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

29.    Plaintiff Chao JIANG, a native of China. He is a resident of Chicago, Illinois. Plaintiff filed a Form I-829 petition on July 22, 2019; the I-829 receipt number is WAC1990308599. The Form I-829 Petition remained  pending for over 45 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

a.  Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether

Plaintiff will be able to obtain the immigration benefit that motivated the investment.

b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

30.    Plaintiff Xinyun WAN, Plaintiff Chao JIANG's wife. She is a resident of Chicago, Illinois. Plaintiff Xinyun WAN is one of the derivative beneficiaries of the same Form I-829 petition that was filed on July 22, 2019. The case receipt number for the beneficiary is WAC1925550047. The Form I-829 Petition remained pending for over 45 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with

their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

    c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

    d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

31.    Plaintiff Xinrui JIANG, Plaintiff Chao JIANG's daughter. She is a resident of

Chicago, Illinois. Plaintiff Xinrui JIANG is one of the derivative beneficiaries of the same Form I-829 petition that was filed on July 22, 2019. The case receipt number for the beneficiary is WAC1925550046. The Form I-829 Petition remained pending for over 45 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because

**PETITION FOR WRIT OF MANDAMU AND COMPLAINT FOR INJUNCTIVE RELIEF**

Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

32. Plaintiff Junlin LU, a native of China. He is a resident of Irvine, California. Plaintiff filed a Form I-829 petition on December 04, 2019; the I-829 receipt number is WAC2090035813. The Form I-829 Petition has remained pending for over 40 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

   b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

   c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments

at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

33. Plaintiff Xiang WANG, Plaintiff Junlin LU's Wife. She is a resident of Irvine, California. Plaintiff Xiang WANG is one of the derivative beneficiaries of the same Form I-829 petition that was filed on December 04, 2019. The case receipt number for the beneficiary is WAC2005750037. The Form I-829 Petition remained pending for over 40 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

a. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

b. Plaintiff has been damaged in that Plaintiff faces ongoing uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been

able to settle down permanently and comfortably in the US.

    c.  Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

    d.  Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

34.    Plaintiff Tingxi F. LU, Plaintiff Junlin LU's son. He is a resident of Irvine, California. Plaintiff Tingxi F. LU is one of the derivative beneficiaries of the same Form I-829 petition that was filed on December 04, 2019. The case receipt number for the beneficiary is WAC2005750036. The Form I-829 Petition remained pending for over 40 months. Plaintiff has greatly damaged the Defendants' failures to act in accordance with their duties under the law and adjudicate their applications. Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    a.  Plaintiff has been significantly damaged in that Plaintiff's investment funds remain at risk, with no indication of whether Plaintiff will be able to obtain the immigration benefit that motivated the investment.

    b.  Plaintiff has been damaged in that Plaintiff faces ongoing

uncertainty about the future, which hinders Plaintiff's ability to make career, family, and life choices, and deprives Plaintiff of the peace of mind of knowing where Plaintiff's future will be. The fact Plaintiff exacerbates this must maintain presence in both US and China, which has resulted in considerable financial expense, mental stress, and inconvenience to Plaintiff such that Plaintiff has not been able to settle down permanently and comfortably in the US.

c. Plaintiff has been damaged in that Plaintiff must now repeatedly go to a local USCIS field office to receive documentation as to the Plaintiff's status for travel, employment, identification, and other purposes in the form of an I-551 stamp. This is exacerbated by recent government shutdowns and the lack of available InfoPass appointments at local USCIS field offices, which are necessary to obtain the I-551 stamp.

d. Plaintiff has been damaged in that Plaintiff's ability to seek naturalization to US citizenship is delayed because Defendants will not approve an N-400, Application for Naturalization until the conditions have been removed. However, Plaintiff has already been a Lawful Permanent Resident for more than five (5) years.

## **GENERAL ALLEGATIONS**

35. The investor Plaintiffs have suffered irreparable economic and psychological damages.

36. Plaintiffs have made multiple administrative inquiries with Defendant USCIS about the status of their petitions but have received only generic responses from USCIS, with no meaningful or case-specific information.

37. The intent of the EB-5 program is for investors to make an at-risk investment for approximately 4 or 5 years, after which they could have their investments returned,

with any profits on their investments. Defendants' adjudication delays have resulted in plaintiffs not obtaining a return on their investments for 8 to 10 years or more. As a result, plaintiffs have lost the ability to access their money for an unreasonable period of time and a period of time not contemplated by either Congress or the administrative agency in its regulations. In addition, the longer it takes for the Defendants' adjudication of Form I-829, the investments are outstanding and are at a greater risk of loss or unfavorable change in the investment.

38. During this extended delay, the Plaintiffs have suffered multiple hardships. Plaintiffs have been forced to wait in limbo, complicating their business, investment, and travel plans and preventing them from having a life with their family in the U.S.

39. The investor Plaintiffs all face harm from the uncertainty of their immigration status, exacerbated and prolonged by the ongoing delays in adjudicating their I-829 petitions.

40. USCIS has a history of reversing its policy positions without notice or warning in the EB-5 program, resulting in petitions that were approvable for years suddenly becoming unapprovable. The longer the petitions remain pending, the greater the risk that the investors will suffer from unanticipated changes in the Defendants' policy and administration of the program.

41. By regulation, USCIS is required to adjudicate plaintiffs' I-829 petitions within 90 days pursuant to 8 C.F.R. § 216.6 (c).

42.     Defendants' failure to follow this regulatory requirement, and to delay adjudications, not just beyond 90 days, but in the instant cases, for many years, severely prejudices both the financial interests and the immigration interests of the plaintiffs.

43.     In addition, Plaintiffs are eligible to file for naturalization to become U.S. citizens four years and nine months after obtaining conditional permanent residence, but they can only do so if the I-829 petition is approved before that date. The defendants' delays in adjudicating the I-829 petitions are preventing the Plaintiffs from applying for and obtaining naturalization and U.S. citizenship despite their statutory right to do so.

44.     According to 8 U.S.C. §1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

45.     Despite its public statements to the contrary, USCIS is not adjudicating petitions in the order filed. Plaintiffs know Defendants adjudicated other investors with I-829 petitions filed later before theirs were adjudicated.

46.     Upon information and belief, Defendants' overall average I-829 case processing times increased dramatically over the past two fiscal years. However, Case processing times increased substantially during the last fiscal year, even as I-829 case receipt volume markedly decreased.

47.     Whether a mandamus lawsuit is appropriate for petitions experiencing delays within the normal processing time. The answer is that it can be appropriate, as a case may

still be unreasonably delayed even if it falls within the stated USCIS processing time range. This was addressed by the Sixth Circuit Court of Appeals, which stated the following, "We find it unhelpful to fixate on the average snail's pace when comparing snails against snails in a snails' race. "

48. Defendant USCIS also has erected barriers to prevent investors from communicating with the agency regarding the status of their petitions unless they have been pending for more than 64 months for I-829 petitions. The current estimated processing for I-829 petitions published by USCIS is 61 months. The courts have held that the immigration agency's own published estimated processing time cannot prove that a two-year processing time within the norm is reasonable as a matter of law. Raju v. Cuccinelli, Case No. 20-cv-01386-AGT, 2020 WL 4915773 at 4 (N.D. Cal. August 14, 2020).

49. USCIS is primarily a fee-supported and not appropriations-supported agency. On information and belief, USCIS, through DHS, is permitted to set filing fees for the applications and petitions it adjudicates, including I-829 and petitions.

50. On May 4, 2016, USCIS (through DHS) issued a Notice of Proposed Rulemaking (NPRM), proposing fee increases for almost all types of benefits applications and petitions it adjudicates. NPRM suggests that USCIS is using EB-5 filing fees to pay for other non-EB-5 adjudications instead of using EB-5 filing fees to process EB-5 applications and petitions in a timely fashion. See 81 Fed. Reg. No. 86. At 26904, et seq.

51. In the NPRM, USCIS states that the average number of employee hours to

process an I-829 petition is only 5.5 hours.

52. On information and belief, the Immigrant Investor Program Office has the authority to hire personnel at rates outside of the standard GS scale to attract candidates with the specialized business and economic knowledge and experience relevant to EB-5 adjudications.

53. On information and belief, USCIS, through DHS, has the ability to set fees at a level necessary to ensure sufficient resources to hire enough staff to process EB-5 applications and petitions in a timely manner.

54. The filing fee for a Form I-829 petition is currently $3,750 plus a biometric fee for each petitioner. On information and belief, it is the second most expensive filing fee for a single petition.

55. Despite the expensive I-829 filing fee and decreasing I-829 case receipts, I-829 processing times have inexplicably and dramatically gone from 18.2 months in the Year 2017 to at least 34.3 months (the most updated estimated processing time range for I-829 petition processing is 34.4 months to 63 months according to USCIS) in the Year 2022.

56. Despite the expiration of the statutory authorization related to the EB-5 Immigrant Investor Regional Center program, USCIS has clarified that such lapse in authorization shall not impact the adjudication of I-829 Petition processing. USCIS will continue to accept, and review Form I-829, Petition by Entrepreneur to Remove Conditions

on Permanent Resident Status, in the normal course.

57.     Plaintiffs have followed all filing procedures and have submitted complete petitions.

58.     On information and belief, the Plaintiffs are and have been eligible to have their petitions approved since the time of filing.

## CLAIMS FOR RELIEF

### Administrative Procedure Act

59.     The Administrative Procedure Act, 5 U.S.C. § 555(b) and 706(1) provide the Court with the authority to compel agency action unreasonably delayed.

60.     Defendants have unreasonably delayed adjudication of Plaintiffs' I-829 Petition to Remove Conditionality on Permanent Resident Status and have not taken any action on their inquiries and multiple follow-up requests.

### Mandamus Act

61.     The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a ministerial duty owed to Plaintiffs.

62.     Plaintiffs have fully complied with all applicable laws, regulations, and procedures and have provided Defendants with all information and documents required or requested in conjunction with their application and petitions.

63.     Defendants' delay in adjudicating the investor Plaintiffs' I-829 petitions is unreasonable and unjustified.

64.     USCIS has the ability to generate fee income and allocate sufficient resources to meet its own case processing goals in the time frame specified by Congress for the adjudication of immigrant benefits. Still, Defendants unreasonably continued to fail to do so.

65.     Congress intended the EB-5 program to stimulate job creation in the U.S., and USCIS' failure to adjudicate EB-5 petitions within the time frame specified by Congress and the goals stated by the agency itself frustrates the purposes of the program and makes the delay in the adjudications of Plaintiffs' petitions even more unreasonable.

66.     No other adequate remedy is available. Plaintiffs have already submitted multiple formal written requests to the agency for expedited adjudication of their applications and contacted local members of Congress for assistance. Defendants have not provided a clear status of the applications upon any of the inquiries.

## **ATTORNEY FEES**

67.     Plaintiffs incorporate paragraphs 1 to 66 as if fully stated herein.

68.     Due to the Defendants' unlawful actions, Plaintiffs were required to retain legal counsel and pay counsel reasonable attorneys' fees. Plaintiffs qualify for fees, expenses, and costs under the Equal Access to Justice Act.

## **PRAYER FOR RELIEF**

**PETITION FOR WRIT OF MANDAMU AND COMPLAINT FOR INJUNCTIVE RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.    Assume jurisdiction over this action;

B.    Compel Defendants to adjudicate Plaintiffs' I-829 applications and provide written approval notifications on or before May 26, 2023;

C.    Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and

D.    Award such further relief as the Court deems necessary or proper.

Dated this 21st day of April 2023

Respectfully submitted,

BY:_____
ROBERT K. LU
Attorney for Plaint